[No. 21002.    Department One.—March 14, 1894.]

## THE PEOPLE OF THE STATE OF CALIFORNIA, RESPONDENT, *v.* HORACE WHITAKER, APPELLANT.

PUBLIC HIGHWAY—INSUFFICIENT ORDER—UNCERTAIN DESCRIPTION.— Where an order establishing a public highway does not purport to declare any particular described proposed line of road a public highway, but declares the road reported by the viewers a public highway, and the report of the viewers merely describes the termini of the road, and refers to it as the "Elam Route," the descriptions are too general and indefinite to establish the existence of a public highway.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*E. O. Larkins,* and *R. F. Roth,* for Appellant.

*Attorney General W. H. H. Hart, Deputy Attorney General Charles H. Jackson,* and *District Attorney Maurice E. Power,* for Respondent.

GAROUTTE, J.—The appellant was convicted of obstructing a public highway, and sentenced to imprisonment in the county jail for the period of three months. He now appeals from the judgment and order denying his motion for a new trial. None of the counsel in their briefs have been kind enough to specify the par-

ticular provisions of the law under which this prosecution has been conducted; and it is only after considerable labor and inconvenience that we find certain provisions of the Political Code which appear to be applicable to the offense charged in this information.   For the purpose of proving a public highway the prosecution introduced in evidence certain records of the board of supervisors.   The prior proceedings before the board culminated in a majority report of the viewers of the proposed road, wherein it is said: "The undersigned appointed by your honorable body to view and locate a public road, commencing at the one-quarter section corner, between sections 7 and 18, township 16 south, range 25 east, Mount Diablo base and meridian, running thence to Drum valley, respectfully report that we commenced to view and survey on the eighth day of April, 1878, from Drum valley; the course of this proposed road is southwesterly from Drum valley; the length of the road is —.   The cost of the construction will be as follows: . . . . For grading the Elam route on the east side of the Campbell grade, not to exceed five hundred dollars."   After stating some other matters not necessary to notice, the report concludes: "We therefore respectfully recommend to your honorable body that you declare the road known as the Elam route a public highway."   This report was adopted by the board of supervisors, and the roadmaster of district No. 4 ordered to open the same "on Elam route."   The final order of the board in the matter of laying out this contemplated road is as follows: ". In the matter of the viewers' report on public road from Sand creek to Drum valley, the viewers heretofore appointed by this board to view and locate said road have filed their report thereof, from which it appears that no damages are claimed by any person from the location thereof.   It is therefore ordered that said road as reported by said viewers be, and the same is hereby, declared a public highway, and the road overseer of the district in which the road is located is hereby ordered to open the same."

The order in itself does not purport to declare any particular described proposed line of road a public highway, but declares the road reported by the viewers a public highway. Upon examination of the report of the viewers it will be seen that their report in no way strengthens the effect of the order. The proposed line of road, as described in the report of the viewers, is a road running from a certain government corner to Drum valley. It is also there referred to as the " Elam route." These descriptions amount to nothing. They are so general and indefinite as to describe nothing. And the existence of the alleged public highway depending upon this final order of the board of supervisors, we are satisfied that no public highway is shown by the evidence; and thus the most material element to constitute the offense charged in the information is not proven. Certain field notes of the county surveyor were offered in evidence, but they do not cure the fatal defects we have indicated in the proceedings. They are neither identified as being connected in any way with this proposed road, nor are they in any manner referred to or made a part of the viewer's report, or the final order of the board declaring the road a public highway.

It is ordered that the judgment and order be reversed, and the cause remanded.

PATERSON, J., and HARRISON, J., concurred.